54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph D. HARRIS, aka Sonny Joe Harris, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2090.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1995.
 
 1
 Before: NELSON and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Joseph D. Harris, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 A jury found Harris guilty of conspiracy to possess with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. Secs. 846 and 841, attempted possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C. Secs. 846 and 841, and unlawful use of a communication facility in violation of 21 U.S.C. Sec. 843(b). He was sentenced to 78 months of incarceration, four years of supervised release, fined $5,000, and ordered to pay a $150 special assessment. On appeal, this court affirmed the district court's judgment. United States v. Harris, 9 F.3d 493 (6th Cir. 1993).
 
 
 4
 In his motion to vacate sentence, Harris claimed that his attorney rendered ineffective assistance at the sentencing hearing. The case was submitted to a magistrate judge who recommended that Harris's motion to vacate be denied. The district court adopted the magistrate judge's report and recommendation over Harris's objections.
 
 
 5
 Harris contends on appeal, as he did in the district court, that his attorney's performance was constitutionally deficient because the attorney did not argue that the government was guilty of "sentencing entrapment." Harris contends that he was inveigled into purchasing two kilograms of cocaine when he intended to purchase only half that amount or less. The additional quantity of cocaine increased his base offense level under the Sentencing Guidelines.
 
 
 6
 In order to establish ineffective assistance of counsel, Harris must show that his attorney's performance was deficient in a constitutional sense and that the deficient performance prejudiced the defense so as to render the proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). This court's review of counsel's performance is highly deferential. Id. at 689. Ultimately, the burden is on Harris to show that his attorney's performance resulted in an actual breakdown of the adversarial process so as to deprive him of a fair proceeding. See United States v. Cronic, 466 U.S. 648, 657 (1984).
 
 
 7
 Harris has not shown that his counsel's performance was deficient. An attorney has no duty to assert a meritless claim, and the claim that Harris was the victim of "sentencing entrapment" is without merit. Nothing in the record suggests that Harris was at all reluctant to accept an additional kilogram of cocaine when it was offered. Harris was not an unwary innocent -- he was an unwary criminal who readily availed himself of the opportunity to receive two kilograms of cocaine from the government informant. See United States v. Barger, 931 F.2d 359, 366 (6th Cir. 1991); United States v. Fears, No. 92-3459, 1993 WL 94303 (6th Cir. March 30, 1993), cert. denied, 114 S. Ct. 256 (1993).
 
 
 8
 Accordingly, and for the reasons set forth in the report and recommendation of the magistrate judge, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation